UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARWIN W.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:25-cv-05270-GJL

SOCIAL SECURITY DISABILITY APPEAL ORDER

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 9, 11, 14.

       Having considered the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) erred in finding Plaintiff not disabled. Accordingly, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

//

//

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

## I. PROCEDURAL HISTORY

Plaintiff's application Disability Insurance Benefits (DIB) was denied initially and following reconsideration. AR 66–87. Plaintiff's requested hearing was held before the ALJ on October 2, 2024. AR 34–65. On November 26, 2024, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 14–33. On February 4, 2025, the Appeals Council declined Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–6. On April 1, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5. Defendant filed the sealed AR in this matter on June 2, 2025. Dkt. 7.

## II. BACKGROUND

Plaintiff was born in 1971 and was 51 years old on April 14, 2022, his alleged date of disability onset. AR 17, 28. Plaintiff has at least a high school education. AR 28. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of degenerative disc disease, trauma, asthma, and osteoarthritis. AR 19. However, the ALJ found Plaintiff was not disabled because he had the following Residual Functional Capacity (RFC):

> to perform medium work as defined in 20 CFR 404.1567(c) except the individual can frequently climb ramps, stairs, ladders, ropes, and scaffolds. The individual can tolerate occasional exposure to extreme cold, and to workplace vibration. The individual can tolerate occasional exposure to atmospheric conditions as defined in Selected Characteristics of Occupations. The individual can tolerate occasional exposure to workplace hazards such as unprotected heights and exposed, moving machinery. The individual can perform simple and moderately complex tasks, consistent with a reasoning level of 5 or less.

AR 21–22.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by

SOCIAL SECURITY DISABILITY APPEAL ORDER - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In his opening brief, Plaintiff argues the ALJ erred in considering the medical opinion of Ryan Castro, D.C., and his subjective symptom testimony. Dkt. 9.

**A.     Dr. Castro's Opinion**

Treating chiropractor Dr. Castro completed an opinion in May 2023. AR 573–79. He opined Plaintiff could stand and walk for two hours in an eight-hour workday; could sit about three hours in an eight-hour workday; and needed to change positions between sitting and standing every 20 minutes. AR 576. He explained Plaintiff "should switch positions every 20 minutes to avoid further injuring his back. If [Plaintiff] does not move frequently he will begin to stiffen up." AR 577. He also opined Plaintiff could not lift more than 30 pounds (but could lift up to 10 pounds frequently) and would be absent more than four times per month. AR 577–78.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. § 404.1520c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. § 404.1520c(c)(1), (c)(2).

The ALJ found Dr. Castro's opinion unpersuasive because it was:

> inconsistent with and unsupported by the treatment records and the consultative examination. Examination often showed no focal neurological deficits with normal

> motor strength and normal sensation bilaterally, and a normal, unremarkable gait [AR 613, 617, 933, 1167, 1587, 1726–27]. However, at times, the claimant also exhibited a painful but only mildly reduced thoracic and lumbar ranges of motion and thoracic and lumbar tenderness, as well as bilateral hip tenderness [see AR 374–461, 933–34]. Further, the chiropractic progress notes show that the claimant's condition/pain was improving as he was reporting less discomfort overall [AR 374, 389, 391, 395, 402, 411, 413, 426, 435]. These findings are consistent with the claimant being capable of medium exertional work with some postural and environmental precautions.

AR 25–26.

These were inadequate reasons for rejecting Dr. Castro's medical opinion. Dr. Castro explained that his opined limitations in sitting, walking, standing, and lifting were prophylactic measures intended to prevent Plaintiff's back from stiffening and causing pain-related symptoms. *See* AR 576–77. For this reason, the lack of deficits in strength, sensation, and gait are not inconsistent with the prophylactic limitations opined by Dr. Castro.

With respect to Plaintiff's improvement, most of the evidence cited by the ALJ does not show significant improvement; some of it reflects worsening and exacerbation by movement; and much of it is in the context of his ability to perform reduced-duty work or in the context of him not working. *See* AR 389 ("treatment has been helping to reduce his symptoms but as soon as he gets to work and has to sit in the booth, his complaints become re-aggravated"), 391 (gradually improving), 395 ("He reports he has constant sharp, shooting, burning, and radiating pain from his low back upward on the right side toward his medial scapular area. He rates this pain as 6/10 . . . and reports it is better with movement, but not too much activity. It is made worse with inactivity and sitting[.]"), 402 (two days pain free), 411 ("having these past couple of days off [from work] have been beneficial"), 413 (injuries flared up again), 435 (pain "has decreased slightly"). Given this context, the evidence cited by the ALJ is not substantial evidence

showing Plaintiff's improvement was such that prophylactic measures and other limitations were unwarranted.

The ALJ also noted Dr. Castro was not an Acceptable Medical Source (AMS). AR 25. But under the regulations applicable to this claim, a source need not be an AMS to submit a medical opinion; they need only be a "medical source." *See* 20 C.F.R. § 404.1502(a), (d) (distinguishing between AMS and medical source); 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source . . . ."); *see also* 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (under new regulations, "our adjudicators will articulate how they consider medical opinions from all medical sources, regardless of whether or not the medical source is an AMS"). A medical source includes "an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law," 20 C.F.R. § 404.1513(d), encompassing a licensed chiropractor like Dr. Castro opining on restrictions posed by a claimant's orthopedic injuries, *see* Wash. Rev. Code §§ 18.25.005, 18.25.011.

Defendant contends Dr. Castro's status as a non-AMS was relevant to the ALJ's supportability determination. Dkt. 11 at 3. The Court disagrees. Supportability considers the extent to which the objective medical evidence and explanations presented by a medical source support the opinion. 20 C.F.R. § 404.1520c(c)(1). Such a standard is indiscriminate as to the sort of medical source which is presenting those explanations and evidence.

Finally, the ALJ noted with respect to another medical opinion he considered alongside Dr. Castro's that it provided "only snapshots of the claimant's functioning." AR 25. Defendant contends this reasoning applies to Dr. Castro's opinion (Dkt. 11 at 4), but Dr. Castro had been treating Plaintiff once every two weeks for 15 months at the time he completed his opinion. *See* AR 573. A medical opinion does not "stand alone" but, rather, must be evaluated alongside the

treatment notes that accompany it. *See Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014).

In sum, the ALJ failed to provide adequate reasons for rejecting Dr. Castro's medical opinion. Because Dr. Castro's opinion suggested Plaintiff was more limited than the ALJ found, this error requires reversal. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (error that could result in more restrictive RFC not harmless).

**B.      Subjective Symptom Testimony**

Plaintiff also contends the ALJ erred in assessing his subjective symptom testimony. Dkt. 9 at 8–12. Having found error in the ALJ's consideration of Dr. Castro's medical opinion, the Court need not consider this issue. Rather, on remand, the ALJ should reassess the medical evidence and, if appropriate, reassess the RFC and his findings at steps four and five of the sequential evaluation process.[1]

//

//

//

---

[1] Plaintiff states in the conclusion to his brief that "[t]he Court is respectfully requested to remand for further proceedings at the very least" but also contends the evidence indicates he would be unable to perform his past work or other work existing in significant numbers. Dkt. 9 at 12. To the extent Plaintiff requests the Court remand for an award of benefits, Plaintiff has failed to make such an argument "specifically and distinctly" in his opening brief, and therefore the Court declines to consider whether such a remedy is appropriate. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

## IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 5th day of September, 2025.

Grady J. Leupold
United States Magistrate Judge